```
IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| REYNA U. ZACHARIAS, | ) Case No. 14-02186 SC |
| Plaintiff, | ) ORDER GRANTING IN PART AND ) DENYING IN PART JP MORGAN |
| v. | ) CHASE BANK, N.A. AND U.S. ) BANK, N.A. AS TRUSTEE'S |
| U.S. BANK N.A.; JP MORGAN CHASE BANK, N.A.; BANK OF AMERICA, N.A.; AND DOES 1-10, INCLUSIVE, | ) MOTIONS TO DISMISS ) PLAINTIFF'S COMPLAINT ) |
| Defendants. | ) |

I.  **INTRODUCTION**

Now before the Court are two motions to dismiss Plaintiff Reyna U. Zacharias' ("Plaintiff") complaint, ECF No. 1 ("Notice of Removal") Ex. 1 ("Compl."). The first was filed by Defendant JP Morgan Chase Bank, N.A. ("Chase"). ECF No. 8 ("Chase MTD"). The second was filed by Defendant U.S. Bank, N.A. ("U.S. Bank")[1] (1) joining in Chase's motion and (2) asserting alternate grounds for

---

[1] The Court refers to JP Morgan Chase Bank, N.A. and U.S. Bank, N.A. collectively as "Defendants."

dismissal. ECF No. 10 ("U.S. Bank MTD"). Plaintiff opposes both motions. ECF No. 21 ("Chase Opp'n"), 32 ("U.S. Bank Opp'n"). The motions are fully briefed, ECF Nos. 26 ("Chase Reply"), 28 ("U.S. Bank Reply"), 34 ("U.S. Bank Surreply") and appropriate for resolution without oral argument. Civ. L.R. 7-1(b). For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

**II. BACKGROUND**

In April 2007, Plaintiff obtained a loan from Washington Mutual Bank, F.A. ("WaMu"), secured by a deed of trust (the "DOT") encumbering her San Francisco home ("the Property"). Request for Judicial Notice, ECF No. 7 ("RJN") ¶ 1, Ex. 1 ("DOT").[2] The DOT identifies WaMu as the beneficiary and indicates that WaMu lent Plaintiff $947,500. The DOT also identifies California Reconveyance Company ("CRC") as the trustee.

The federal government later closed WaMu and appointed the Federal Deposit Insurance Corporation ("FDIC") as the bank's receiver. See RJN Ex. 2 ("Purchase Agreement"). On September 25, 2008, Chase acquired certain assets and liabilities of WaMu through an asset purchase agreement with the FDIC. Id. On September 21,

---

[2] Plaintiff's objections to Defendants' RJN, ECF No. 22 ("RJN Opp'n"), are OVERRULED, and the Court takes judicial notice of the DOT and the other publicly filed documents attached to the RJN, but not the truth of the matters asserted by those documents. Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of "a fact that is not subject to reasonable dispute" because, among other things, it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Accordingly, the Court "may properly take notice of public facts and public documents." Cactus Corner, LLC v. U.S. Dep't of Agric., 346 F. Supp. 2d 1075, 1098 (E.D. Cal. 2004). Additionally, Plaintiff references many of the documents attached to the RJN in her complaint and, under the "incorporation by reference doctrine," a court may properly consider such documents. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

2

2009, an "Assignment of Deed of Trust" was recorded with the San Francisco Assessor-Recorder. Compl. ¶ 10; RJN Ex. 3 ("DOT Assignment"). The document states that Chase, as successor in interest to WaMu, assigned its interest in the DOT to Bank of America ("BofA"). DOT Assignment.

A notice of default was also recorded on September 21, 2009, indicating that Plaintiff was $13,873.88 in arrears on her loan payments. RJN Ex. 4. Three notices of trustee's sale were later recorded on December 23, 2009, November 5, 2012, and January 29, 2014. RJN Exs. 5, 6, 8. According to the second notice, a trustee's sale was scheduled for November 26, 2012, and the unpaid balance and other charges on Plaintiff's loan totaled $1,082,141.68. It is unclear whether any trustee's sale has yet occurred.

On November 19, 2012, Plaintiff filed an action in California Superior Court and the case was subsequently removed on diversity and federal question grounds. Zacharias v. JP Morgan Chase Bank, N.A., No. 12-06525 SC, 2013 WL 588757, at *1 (N.D. Cal. Feb. 13, 2013) ("Zacharias I"). In Zacharias I, Plaintiff asserted three causes of action against Chase and BofA: (1) slander of title, (2) wrongful foreclosure, and (3) violation of the RICO Act. Id. Chase and BofA moved to dismiss, and the Court granted the motion, dismissing Plaintiff's RICO claims with prejudice, but granting leave to amend the claims as to slander of title and wrongful foreclosure. Id. at *2-4. The Court again granted a motion to dismiss Plaintiff's amended claims with the exception of those under California Civil Code section 2923.5, and again granted leave to amend the slander of title and wrongful foreclosure claims.

1  Zacharias v. JP Morgan Chase Bank, N.A., No. 12-06525 SC, 2013 WL
2  4647349, at *2-3 (N.D. Cal. Aug. 29, 2013) ("Zacharias II").  The
3  Court did, however, dismiss with prejudice certain claims based on
4  the enforceability of the DOT and claims seeking recession under
5  the Truth in Lending Act ("TILA").  Id.  On October 29, 2013 the
6  parties stipulated to dismissal of the action, without prejudice.
7  RJN Ex. 14.
8      The instant action was filed in California Superior Court on
9  February 19, 2014.  Defendant removed the case to federal court on
10 the bases of diversity and federal question jurisdiction.  ECF No.
11 1 ("Notice of Removal").  The Complaint addresses the same
12 underlying factual allegations as Plaintiff's earlier action and
13 again asserts three causes of action: (1) slander of title, (2)
14 wrongful foreclosure, and (3) violation of the RICO Act.  Notably,
15 in addition to Chase and BofA, both of whom were defendants in the
16 prior action, the Complaint adds Defendant U.S. Bank in its role as
17 the successor in interest to BofA.  Compl. ¶ 4; U.S. Bank Opp'n at
18 3.  The case was initially assigned to Judge Tigar, but in light of
19 the undersigned's prior decisions in Zacharias I and Zacharias II,
20 this action was deemed related pursuant to Civil Local Rule 3-12,
21 and reassigned.  ECF No. 29.
22     Chase and U.S. Bank now move jointly and separately to dismiss
23 Plaintiff's complaint.

24 **III. LEGAL STANDARD**
25     **A.   Motions to Dismiss**
26          **1.   Rule 12(b)(6)**
27     A motion to dismiss under Federal Rule of Civil Procedure
28 12(b)(6) "tests the legal sufficiency of a claim."  Navarro v.

4

1  Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based
2  on the lack of a cognizable legal theory or the absence of
3  sufficient facts alleged under a cognizable legal theory."
4  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
5  1988).  "When there are well-pleaded factual allegations, a court
6  should assume their veracity and then determine whether they
7  plausibly give rise to an entitlement to relief."  Ashcroft v.
8  Iqbal, 556 U.S. 662, 679 (2009).  However, "the tenet that a court
9  must accept as true all of the allegations contained in a complaint
10 is inapplicable to legal conclusions.  Threadbare recitals of the
11 elements of a cause of action, supported by mere conclusory
12 statements, do not suffice."  Id. (citing Bell Atl. Corp. v.
13 Twombly, 550 U.S. 544, 555 (2007)).  The court's review is
14 generally "limited to the complaint, materials incorporated into
15 the complaint by reference, and matters of which the court may take
16 judicial notice."  Metzler Inv. GMBH v. Corinthian Colls., Inc.,
17 540 F.3d 1049, 1061 (9th Cir. 2008) (citing Tellabs, Inc. v. Makor
18 Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

19           **2.   Rule 12(b)(7)**

20      A party may move to dismiss a case for "failure to join a
21 party under Rule 19."  Fed. R. Civ. P. 12(b)(7).  On such a motion
22 there is a three-step inquiry: (1) is the absent party required (or
23 "necessary") within the meaning of Rule 19(a)?, (2) is joinder of
24 the absent party "feasible," under Rule 19(a)? and (3) if joinder
25 is not feasible, is the absent party indispensable, such that the
26 action must be dismissed?  Salt River Project Agric. Improvement &
27 Power Dist. v. Lee, 672 F.3d 1176, 1179 (9th Cir. 2012).  "The
28 Ninth Circuit has held that a court should grant a 12(b)(7) motion

to dismiss only if the court determines that joinder would destroy jurisdiction and the nonjoined party is necessary and indispensable." Biagro W. Sales Inc. v. Helena Chem. Co., 160 F. Supp. 2d 1136, 1141 (E.D. Cal. 2001) (citing Shermoen v. United States, 982 F.2d 1312, 1317-18 (9th Cir. 1992)). The burden is on the moving party to produce evidence in support of the motion. Id.; see also Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990).

### B. Leave to Amend

When a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. See, e.g., DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992). However, a court does not need to grant leave to amend in cases where the court determines that permitting a plaintiff to amend would be an exercise in futility. See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## IV. DISCUSSION

In its motion, Chase raises two grounds for dismissing Plaintiff's complaint. First, they contend that each of Plaintiff's causes of action for slander of title, wrongful foreclosure, and violations of the RICO Act, as well as certain other claims under the California Homeowner's Bill of Rights ("HBOR"), Dodd-Frank Act, and National Mortgage Settlement Agreement are, inter alia, untimely, legally insufficient, or

6

barred by claim preclusion.  Second, Chase argues that dismissal is appropriate because Plaintiff has not joined an indispensable party, her co-borrower under the DOT, Leo Danny Portal.  U.S. Bank joins in Chase's arguments, and also raises several additional issues specific to its own role as successor in interest to BofA.  The Court will address each of Plaintiff's substantive claims before discussing the joinder issue.

### A. Slander of Title

To state a claim for slander of title, Plaintiff must show four elements: (1) a publication, (2) without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss.  La Jolla Grp. II v. Bruce, 211 Cal. App. 4th 461, 472 (Cal. Ct. App. 2012).  Chase argues that portions of Plaintiff's claims are time-barred and, in any event, Plaintiff has not sufficiently pleaded the last three elements of her cause of action.  Because the Court finds these claims are time-barred, the Court need not analyze Chase's merits arguments.

#### 1. Timing

Chase argues that because the Assignment and Notice of Default ("NOD") were recorded in September 2009 and this action was not filed until February 19, 2014, any slander of title claims based on the DOT, Assignment, and NOD are barred by the applicable three-year statute of limitations.  Cal. Code Civ. P. § 338(g).  Further, Chase notes that because the Court previously granted Plaintiff leave to amend to show why the statute of limitations should tolled and Plaintiff did not do so, no further leave to amend should be granted.  Chase MTD at 5 (citing Zacharias II, 2013 WL 4647349, at *3).

7

Plaintiff responds that her slander of title claim was equitably tolled under the delayed discovery rule. Chase Opp'n at 4. Under the delayed discovery rule, the applicable statute of limitations is tolled until "plaintiff discovers or should have discovered all facts essential to his cause of action." Leaf v. City of San Mateo, 104 Cal. App. 3d 398, 406 (Cal. Ct. App. 1980). Plaintiff argues that she did not discover the facts underlying the slander of title claim on the assignment and foreclosure notices "until she brought her state court action challenging foreclosure proceedings on or around November 2012." Opp'n at 4. In particular, Plaintiff suggests that because she had "no reason to investigate the legitimacy of the recorded documents on the Subject Property until she consulted with legal counsel about the possibility of bringing legal action against Defendants," the delayed discovery rule should apply. Id. at 4-5.

Not so. As Chase notes, Plaintiff must "'specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.'" Howl v. Bank of Am., N.A., No. C 11-0887 CW, 2011 WL 3610745, at *2 (N.D. Cal. Aug. 17, 2011) (quoting E-Fab, Inc. v. Accountants, Inc. Servs., 153 Cal. App. 4th 1308, 1324 (Cal. Ct. App. 2007)) (emphasis added). While Plaintiff has asserted a basic explanation as to each of these requirements in her opposition brief, she has not pleaded any facts regarding the application of the delayed discovery rule. This is insufficient. Furthermore, even if Plaintiff had pleaded the facts offered in her opposition, her allegations would still be insufficient to establish the application of the delayed discovery rule. After all, Plaintiff

8

explicitly states that the documents upon which these claims are based were publicly recorded with the San Francisco County Recorder's Office. Given that, the Court cannot conclude that reasonable diligence would not have revealed the facts underlying Plaintiff's claims against the DOT, assignment, and NOD. Accordingly these claims must be DISMISSED as time-barred.

Further, Chase argues that because Plaintiff failed to heed the Court's instructions to cure these issues previously, the Court should dismiss these allegations with prejudice. Contrary to Plaintiff's view, this argument is not "disingenuous." Opp'n at 5. Simply because the parties stipulated to dismissal of the prior action does not mean that in filing a new (and otherwise significantly amended) complaint alleging the same basic facts, Plaintiff need not heed the Court's warning to amend her pleadings to explain why the statute of limitations should be tolled. Having ignored the Court's prior instructions on this point, and finding that Plaintiff's explanation would be insufficient even if the Court were to grant leave to amend, these claims are DISMISSED WITH PREJUDICE.

### B.   Wrongful Foreclosure

Chase raises similar issues with Plaintiff's wrongful foreclosure claims. Specifically, Chase argues that because Plaintiff has not alleged that a foreclosure sale has taken place, her claim is premature. See, e.g., Rothman v. U.S. Bank N.A., No. C 13-3381 MMC, 2014 WL 1648619, at *3 (N.D. Cal. Apr. 24, 2014) ("[A] cause of action for wrongful foreclosure is 'premature' where no foreclosure sale has taken place."); Rosenfeld v. J.P. Morgan Chase Bank, N.A., 732 F. Supp. 2d 952, 961 (N.D. Cal. 2010) ("A

1 lender or foreclosure trustee may only be liable to the mortgagor
2 or trustor for wrongful foreclosure if the property was
3 fraudulently or illegally sold under a power of sale contained in a
4 mortgage or deed of trust.").

5   Once again, Chase is right.  "Plaintiff . . . fails to state a
6 claim for wrongful foreclosure because [s]he does not allege a
7 foreclosure sale has taken place."  Pey v. Wachovia Mortg. Corp.,
8 No. 11-2922 SC, 2011 WL 5573894, at *9 (N.D. Cal. Nov. 15, 2011)
9 (Conti, J.); see also Nissim v. Wells Fargo Bank, N.A., No. C 12-
10 1201 CW, 2013 WL 192903, at *9 (N.D. Cal. Jan. 17, 2013);
11 Chancellor v. OneWest Bank, NO. C 12-01068 LB, 2012 WL 1868750, at
12 *8 (N.D. Cal. May 22, 2012); Vega v. JPMorgan Chase Bank, N.A., 654
13 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009).  The three cases cited in
14 Plaintiff's opposition are not to the contrary.  For instance,
15 Plaintiff cites language from Castillo v. Skoba, No. 10cv1838 BTM,
16 2010 WL 3986953, at *2 (S.D. Cal. Oct. 8, 2010) stating that "[t]he
17 power of sale in a nonjudicial foreclosure may only be exercised
18 when a notice of default is recorded, . . . [and] any foreclosure
19 sale based on a void notice of default is also void."  Chase Opp'n
20 at 8.  This may well be true, but Castillo does not even discuss
21 whether a wrongful foreclosure claim is cognizable prior to a
22 foreclosure sale.  To the contrary, the quoted language explains
23 one circumstance in which a foreclosure may be void, not whether a
24 plaintiff may bring a wrongful foreclosure claim prior to any
25 foreclosure sale.  See also Tamburri v. Sun Tr. Mortg., Inc., No.
26 C-11-2899 EMC, 2011 WL 6294472 (N.D. Cal. Dec. 15, 2011) (analyzing
27 a wrongful foreclosure claim prior to a foreclosure sale without
28 discussing whether a claim is appropriate prior to a foreclosure

sale); Sacchi v. Mortg. Elec. Registration Sys., Inc., No. CV 11-1658 AHM (CWx), 2011 WL 2533029, at *7-8 (C.D. Cal. June 24, 2011) (same).

Furthermore, as with Plaintiff's earlier slander of title claim, the Court previously dismissed identical claims with leave to amend "so that she may allege whether and when the foreclosure sale occurred." Zacharias II, 2013 WL 4647349, at *3. Having again failed to heed the Court's instruction, Plaintiff's wrongful foreclosure claims are DISMISSED WITH PREJUDICE.

### C. California Civil Code Section 2923.5

Next, Chase argues that Plaintiff's allegations under California Civil Code Section 2923.5 are also untimely. The Court previously denied a motion to dismiss similar claims, finding that Plaintiff's allegations under Section 2923.5 were not preempted. Zacharias II, 2013 WL 4647349, at *3 (citing Pey, 2011 WL 5573894, at *8-9; Shaterian v. Wells Fargo Bank, N.A., C-11-0920 SC, 2011 WL 2314151, at *4 n.8 (N.D. Cal. June 10, 2011)). Now, Chase contends that because the events underlying any claim for violations of Section 2923.5 would have to have taken place prior to September 21, 2009 when the NOD was recorded, and this action was filed February 19, 2014, these claims are barred by the applicable three year statute of limitations. Cal. Code Civ. P. § 338(a).

Plaintiff completely failed to respond to Chase's argument. Furthermore, neither party cites any case law in support or defense of their claims. Nonetheless, the Court's initial review suggests that Plaintiff may have inadvertently time-barred her own claim by voluntarily dismissing the earlier action. See Martell v. Antelope Valley Hosp. Med. Ctr., 67 Cal. App. 4th 978, 984-85 (Cal. Ct. App.

11

1998) (noting that equitable tolling does not apply where a plaintiff voluntarily dismisses a timely claim and then pursues a successive claim in the same forum); see also Prettyman v. City of San Diego Police Dep't, No. 11-cv-00195-MMA (RBB), 2012 WL 959472, at *5 (S.D. Cal. Mar. 21, 2012) ("Accordingly, if a plaintiff voluntarily dismisses a timely filed action, equitable tolling cannot save a second action filed after the limitations period has expired.") (collecting cases). Accordingly, the Court DISMISSES Plaintiff's claims under Section 2923.5. Without a more developed record, the Court cannot say with certainty whether amendment would be futile, and accordingly the dismissal is WITHOUT PREJUDICE. Plaintiff is granted leave to amend to explain how, if at all, the statute of limitations should be tolled. Nevertheless, the Court notes that the leave granted here is solely leave to amend the Section 2923.5 claims, and not blanket leave to add new causes of action or legal theories. See Zacharias II, 2013 WL 4647349, at *2 n.2 (noting unauthorized amendments to Plaintiff's previous complaint).

**D. RICO Act**

Next, Chase points out that in Zacharias I, the Court dismissed Plaintiff's claims under the RICO Act, 18 U.S.C. Section 1962(c) with prejudice. 2013 WL 588757, at *3-4. As a result, Chase argues this cause of action is barred by claim preclusion. Claim preclusion applies when there is "1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between the parties." W. Radio Servs. Co., Inc. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997).

Here, the elements of claim preclusion are satisfied. First,

12

1  Plaintiff's claims are not just identical in their underlying facts
2  and legal theory, rather Plaintiff's third cause of action is
3  worded <u>identically</u> to her complaint in <u>Zacharias I</u>.  <u>Compare</u> Compl.
4  pp. 9-15,[3] <u>with</u> RJN Ex. 9 ("<u>Zacharias I</u> Compl.") at ¶¶ 31-58.
5  Second, the Court's dismissal with prejudice in <u>Zacharias I</u>
6  operates as a final judgment on the merits for the purpose of claim
7  preclusion.  <u>See</u> <u>Stewart v. U.S. Bancorp</u>, 297 F.3d 953, 956 (9th
8  Cir. 2002) ("The phrase 'final judgment on the merits' is often
9  used interchangeably with 'dismissal with prejudice.'").  Finally,
10 the third element, identity or privity between the parties, is also
11 satisfied here.  Plaintiff's RICO claims in <u>Zacharias I</u> were
12 brought against Chase and BofA as trustee for the WaMu Mortgage
13 Pass-Through Certificates.  <u>See</u> <u>Zacharias I</u> Compl. ¶ 5.  Here,
14 Plaintiff brings her RICO claims against U.S. Bank, which was the
15 subject of a substitution of trustee recorded on January 22, 2014.
16 <u>See</u> RJN Ex. 7 ("SOT").  The substitution of trustee establishes
17 that U.S. Bank is the successor in interest to BofA, and therefore
18 is in direct privity with the parties to <u>Zacharias I</u>.  <u>Id.</u>; <u>see</u>
19 <u>also</u> <u>Headwaters Inc. v. United States Forest Serv.</u>, 399 F.3d 1047,
20 1053 (9th Cir. 2005) (stating that privity extends to successors in
21 interest).

22      Accordingly the three elements of claim preclusion are
23 satisfied in this case, and therefore Plaintiff's claims under the
24 RICO Act are DISMISSED WITH PREJUDICE.

---

[3] In fact, the only difference between the RICO count in the instant complaint and the RICO claims in <u>Zacharias I</u> is the use of bullet points rather than paragraph numbers.  Accordingly, the Court cites to page numbers rather than paragraph numbers for this portion of the complaint.

13

### E. Violations of the California Homeowner's Bill of Rights, Dodd-Frank Act, and National Mortgage Settlement Agreement

In addition to her three specific causes of action, Plaintiff's complaint and briefing also include allegations that Defendants have violated various subsections of the California Homeowner's Bill of Rights ("HBOR"), the Dodd-Frank Act, and the National Mortgage Settlement Agreement. Compl. ¶¶ 30-31, 33-37. The Complaint does not seem to treat these as standalone causes of action, instead citing them as support for Plaintiff's premature wrongful foreclosure claims. While the Court does not read these allegations as stating any cause of action independent of those dismissed above, even if Plaintiff were seeking to assert independent causes of action on this basis, their allegations are entirely conclusory. See Iqbal, 556 U.S. at 679 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly these claims are DISMISSED.

Recognizing the insufficiency of these claims, Plaintiff requests leave to amend "to state claims for new causes of action arising out of Defendants' breach of the California HBOR, both in the loan modification and foreclosure process." Chase Opp'n at 11. As her opposition brief points out, Plaintiff filed the operative complaint pro se, and as a result she believes granting leave to amend would be in the interest of justice. Id. Similarly, in her opposition to U.S. Bank's motion to dismiss, Plaintiff mentions for the first time her intention to seek leave to amend to allege a violation of the HBOR's prohibition on 'dual tracking,' or

attempting to foreclose while a loan modification remains pending. See Cal. Civ. Code § 2923.6; U.S. Bank Opp'n at 5.

The Court has previously granted Plaintiff two opportunities to amend various portions of her complaint to cure specifically defined deficiencies. Now, following voluntary dismissal of the prior action, Plaintiff again seeks leave to amend deficiencies in her complaint. The Court is mindful of the Supreme Court's pronouncement in Foman v. Davis, 371 U.S. 178, 182 (1962), that leave to amend should be freely granted. Nevertheless where, as here, Plaintiff has "repeatedly fail[ed] to cure deficiencies by amendments previously allowed," dismissal with prejudice may be appropriate. Id. Furthermore, Plaintiff has previously used limited leave to amend granted by the Court to drastically expand her claims and plead entirely new causes of action, see Zacharias II, 2013 WL 4647349, at *2 n.2 (noting unauthorized amendments to Plaintiff's previous complaint), and also asserted claims in her briefing that were not pleaded. See Zacharias II, No. 12-06525, ECF No. 45 ("Zacharias II Opp'n") at 17 (raising unpleaded violations of the Fair Debt Collection Practices Act for the first time in an opposition brief). While these actions are not themselves sufficient to find that Plaintiff and her counsel have acted in "bad faith" or with a "dilatory motive," as discussed in Foman, when coupled with Plaintiff's repeated failure to cure defects, they weigh against granting leave to amend. Accordingly, to the extent Plaintiff asserts further violations of the California HBOR, Dodd-Frank Act, and National Mortgage Settlement Agreement, these claims are DISMISSED WITH PREJUDICE. Further, Plaintiff's request for leave to amend to allege further violations

15

of the California HBOR is DENIED.

**F.   Failure to Join Plaintiff's Co-Borrower**

Finally, both Chase and U.S. Bank argue that joinder of Plaintiff's co-borrower under the DOT, Leo Danny Portal, is required under Federal Rule of Civil Procedure 19.  They assert two grounds for this conclusion.  First, in Portal's absence, Chase states there is a "substantial risk" they may "'incur[] double, multiple, or otherwise inconsistent obligations . . . .'"  Chase MTD at 15 (citing Fed. R. Civ. P. 19(a)(1); Mottale v. Kimball Tirey & St. John, LLP, No. 13cv1160-GPC-JMA, 2013 WL 5570193, at *7 (S.D. Cal. Oct. 9, 2013)).  Second, while U.S. Bank does not directly tie its argument to the specific subsection of Rule 19, it seems to contend that because Plaintiff is seeking monetary and declaratory relief with regard to the Property, and Portal "remains a Borrower and Trustor on the Loan and DOT," adjudicating the case in Portal's absence would "impair or impede [Portal's] ability to protect [his] interest . . . ."  See Fed. R. Civ. P. 19(a)(1)(B)(i); U.S. Bank MTD at 4.[4]  As a result, Chase and U.S. Bank contend that Portal is required[5] to be joined under Rule

---

[4] Plaintiff did not respond to Chase or U.S. Bank's arguments on the joinder issue in her first responsive brief (addressing Chase's motion to dismiss), but did discuss at least U.S. Bank's arguments in her opposition to U.S. Bank's motion to dismiss.  While U.S. Bank complains that the brief was untimely, in light of the convoluted procedural history of these motions, and the fact that the most recent minute entry for the motion specifies that responses were to be due on June 30, 2014, See ECF No. 31, the date on which Plaintiff filed her opposition, the Court will consider the arguments presented.  Furthermore, given that U.S. Bank took the opportunity to respond, ECF No. 34 ("U.S. Bank Surreply"), the Court does not believe there is any prejudice in considering the arguments offered in either brief.

[5] The term "required party" supplanted the longstanding term "necessary party" in the 2007 amendments to the Federal Rules of Civil Procedure.  Compare Shields v. Barrow, 58 U.S. (17 How.) 130,

16

19(a), is indispensable to the action, and as a result, the action should be dismissed under Federal Rule of Civil Procedure 12(b)(7).

Unfortunately both sides misunderstand the nature of the inquiry under Rule 19 and Rule 12(b)(7). While Defendants have offered some reasons why Portal might be considered a required party under Rule 19, neither Plaintiff nor Defendants have offered any analysis of the remaining two steps of the Rule 19 inquiry. Without any explanation as to whether (1) it is feasible to join Portal, or, (2) if joinder is infeasible, whether the action can proceed without him, the Court cannot conclude that dismissal is appropriate. See Salt River, 672 F.3d at 1179 (laying out the three-step inquiry under Rule 19). Because the Defendants are the moving parties, they have the burden of persuasion as to each of these elements. See Makah, 910 F.2d at 558 ("The moving party has the burden of persuasion in arguing for dismissal.") (citing Sierra Club v. Watt, 608 F. Supp. 305, 312 (E.D. Cal. 1985)); Brum v. Cnty. of Merced, No 1:12-cv-01636-AWI-KSO, 2013 WL 2404844, at *3-4 (E.D. Cal. May 31, 2013) (discussing the allocation of burdens of proof on a motion under Rule 19 and noting the consensus that the moving party bears the burden of persuasion). Accordingly, Defendants' Rule 12(b)(7) motion to dismiss is DENIED.

Nonetheless, the Court still must go through the first step of the Rule 19 inquiry, and determine whether Portal is a required party. See Fed. R. Civ. P. 19(a)(2) ("If a person has not been joined as required, the court must order that the person be made a

---

139 (1854) (defining "necessary" and "indispensable" parties), with 4 Moore's Fed. Prac. § 19.02[2][c] (3d ed.). While the parties use the old terminology, the Court will use the new term "required party." In any event, the terms "necessary party" and "required party" are synonymous.

17

party."). Defendants argue that the two prongs of Rule 19(a)(1)(B) apply, and adjudicating the case in Portal's absence would (1) would "impair or impede" Portal's ability to protect his interests or (2) expose Defendants to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations . . . ." Ultimately, the Court concludes Portal is not a required party.

As a threshold matter, Plaintiff argues that Portal has not claimed an "interest relating to the subject of the action," and therefore he is not a required party. Specifically, Plaintiff argues, seizing on language from United States v. Bowen, 172 F.3d 682, 689 (9th Cir. 1999) that "[j]oinder is 'contingent . . . upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action.'" (quoting Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir. 1983)) (emphasis in original); see also Thomas, Head & Griesen Emps. Tr. v. Buster, 95 F.3d 1449, 1460 n.18 (9th Cir. 1996); United States ex rel. Morongo Band of Mission Indians v. Rose, 34 F.3d 901, 908 (9th Cir. 1994); Lopez v. Fed. Nat'l Mortg. Ass'n, No. CV 13-04782 MMM (AGRx), 2013 WL 7098634, at *6 (C.D. Cal. Oct. 8, 2013); In re Wells Fargo Residential Mortg. Lending Discrimination Litig., No. M:08-CV-1930 MMC, 2009 WL 2473684, at *2 (N.D. Cal. Aug. 11, 2009). Because Portal has not come forward to claim an interest in the action, Plaintiff reasons that he is not a required party. The Court is skeptical that this is the best reading of Rule 19,[6] but for better or worse it appears to be the

---

[6] As other courts have noted, the Ninth Circuit's requirement that an absent party affirmatively claim an interest in the subject of the action is often in conflict with the underlying purposes of Rule 19. See Ins. Co. of Pa. v. LNC Cmtys. II, LLC, No. 11-cv-00649-MSK-KMT, 2011 WL 5548955, at *7 (D. Colo. Aug. 23, 2011).

18

1 law of the Ninth Circuit. Accordingly, the Court finds that
2 because Portal has not claimed an interest in the action he is not
3 a required party, and therefore Portal need not be joined.

**V.  CONCLUSION**

For the reasons set forth above, the Court GRANTS Chase's and U.S. Bank's motions to dismiss and ORDERS as follows:

- Plaintiff's slander of title claims are DISMISSED WITH PREJUDICE.
- Plaintiff's wrongful foreclosure claims are premature and accordingly DISMISSED WITH PREJUDICE.
- Plaintiff's RICO Act claims are precluded and accordingly

---

Specifically, "it would be strange to require that an absent party affirmatively claim their interest in the subject of the action. This approach would seemingly offer Rule 19(a)(1)(B)(i)'s protections only to those absent parties who actually know of the litigation where they were not named as a party." Id. (emphasis in original). Furthermore, the affirmative claim requirement can also give rise to some puzzling interactions with Rule 24(a)'s provisions for intervention as of right. For instance, by requiring an absent party to assert a claim that their interests may be impaired or impeded by a pending action to benefit from compulsory joinder under Rule 19(a)(1)(B)(i) when such a party "would always satisfy the prerequisites for intervention as of right . . . ," Navajo Tribe of Indians v. New Mexico, 809 F.2d 1455, 1472 (10th Cir. 1987), the affirmative claim rule becomes almost duplicative of Rule 24(a). But "[t]he purpose of Rule 19, however is not to exhort an interested party to exercise its Rule 24 rights." Id. Instead, the purpose of the rule is served by a flexible analysis that recognizes that absent parties will not always be able to assert a claim in the subject matter of the action because they will not always know of a pending action that may impair or impede their rights. Stranger still, the Court sees no reason on the face of these Ninth Circuit precedents suggesting that an affirmative claim by the absent party would not also be required in cases under Rule 19(a)(1)(B)(ii), which protects a defendant who may be subject to inconsistent obligations if an absent party is not joined. This seems even further afield from the intended purpose of the Rule, which focuses on potential prejudice to the present defendants, not the interests of the absent party. 4 Moore's Fed. Prac. § 19.03[4][a] (3d ed.) (noting that this clause of the rule "is primarily concerned with the threat posed to defendants by the nonjoinder of the absentee") (emphasis in original).

19

1  DISMISSED WITH PREJUDICE.
2  • Plaintiff's claims under California Civil Code Section 2923.5
3    are DISMISSED as time-barred.  Leave to amend is GRANTED only
4    to enable Plaintiff to plead why, if at all, the statute of
5    limitations should be tolled.
6  • Defendants' motion to dismiss for failure to join Plaintiff's
7    co-borrower, Leo Danny Portal, is DENIED.
8  • Plaintiff's claims for violations of the California
9    Homeowner's Bill of Rights, the Dodd-Frank Act, and the
10   National Mortgage Settlement Agreement are DISMISSED WITH
11   PREJUDICE.  Plaintiff's request for leave to amend to bring
12   additional claims under the California Homeowner's Bill of
13   Rights is DENIED.
14 • Plaintiff shall file her amended complaint within thirty (30)
15   days of the signature date of this order.

17  IT IS SO ORDERED.

19  Dated: August 20, 2014

    _____
    UNITED STATES DISTRICT JUDGE