IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNA U. ZACHARIAS, | Case No. 14-02186 SC |
| Plaintiff, | ORDER RE: PLAINTIFF'S <u>"REQUEST" FOR DISMISSAL</u> |
| v. | |
| U.S. BANK N.A.; JP MORGAN CHASE BANK, N.A.; BANK OF AMERICA, N.A.; AND DOES 1-10, INCLUSIVE, | |
| Defendants. | |

Now before the Court is a request by Plaintiff Reyna U. Zacharias to dismiss her claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). ECF No. 41 ("Voluntary Dismissal"). In response Defendants U.S. Bank and JP Morgan Chase ("Chase") have filed notices pointing out Plaintiff's failure to comply with the Court's earlier order granting in part and denying in part Defendants' motion to dismiss, ECF No. 39 ("MTD Order"). ECF Nos. 42 ("U.S. Bank Notice"); 43 ("Chase Notice"). While the Court concludes it lacks jurisdiction to consider the

issues raised in Defendants' notices because Plaintiff's notice of voluntary dismissal immediately and automatically divested the Court of jurisdiction, the Court nonetheless writes to clarify two remaining issues for the parties.

In the Court's prior order on Defendants' motion to dismiss, the Court dismissed all of Plaintiff's claims with prejudice except her claims under California Civil Code Section 2923.5. The Court dismissed the Section 2923.5 claims as time-barred and granted Plaintiff thirty days to file an amended complaint pleading "why, if at all, the statute of limitations should be tolled." MTD Order at 20. The deadline to file an amended complaint was September 19, 2014, however Plaintiff failed to file an amended complaint by that date. Instead, ten days later on September 29, 2014 Plaintiff filed a notice requesting "that the Complaint and all causes of action be dismissed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and this request, without prejudice, each party to bear its own costs and fees." Voluntary Dismissal at 1.

Defendants argue that the Court should dismiss Plaintiff's claims, but contends the dismissal should be with prejudice for two reasons. First, Defendants points to Plaintiff and her counsel's repeated pattern of ignoring Court orders and serially refiling claims "simply to stall enforcement of obligations under her deed of trust relating to the Property." U.S. Bank Notice at 1. Second, Defendants suggest that because "the plaintiff previously dismissed [a] federal- or state-court action based on or including the same claim," her notice of dismissal should "operate[] as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). This is the so-called "two-dismissal rule." See Thomas v. Wells Fargo

2

Bank, N.A., No. 13-02065 JSW, 2013 WL 5313458, at *2 (N.D. Cal. Sept. 23, 2013).

While Defendants may well be right about both issues, it is not appropriate for them to raise them at this time.  Under Rule 41(a)(1), "a plaintiff has an absolute right voluntarily to dismiss his action prior to service by the defendant of an answer or a motion for summary judgment." Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).  This is true even if, as here, Defendants have previously filed a motion to dismiss.  Id.  Most importantly here, "[t]he dismissal <u>is effective on filing and no court order is required</u>." Id. (emphasis added).  In other words, simply filing a notice of voluntarily dismissal functions to automatically terminate the action.  Id.  As a result, the mere filing of a notice of dismissal under the circumstances described in Rule 41(a)(1) deprives the Court of jurisdiction to consider the merits of the case or issue further orders.  8 Moore's Fed. Prac. § 41.33[6][e]; see also Pedrina v. Chun, 987 F.2d 608, 610 (9th Cir. 1993).  Accordingly, the Court lacks jurisdiction to entertain Defendants' objections or opine as to the application of the two-dismissal rule.  If Defendants wish to raise these issues they must do so when and if Plaintiff chooses to file another action.

Nevertheless the Court writes to clarify two points for the parties.  First, Plaintiff's notice of dismissal includes a proposed order.  This is unnecessary because Plaintiff, with or without leave of the Court, has an absolute right to dismiss her claims under these circumstances.  Pedrina, 987 F.2d at 610.  Accordingly the Court will not sign Plaintiff's proposed order, and instead DIRECTS the Clerk to terminate this action.  Second,

3

despite lacking jurisdiction to dismiss the action with prejudice or otherwise determine the impact of Plaintiff's second voluntary dismissal, see Zacharias v. JP Morgan Chase Bank, Inc., No. 12-cv-6525-SC, ECF No. 53 ("Stip. of Dismissal"), the Court wishes to point out Plaintiff's repeated failure to comply with Court orders. The Court has now dismissed Plaintiff's claims three times. Between this action and the related case, Plaintiff and her counsel have repeatedly failed to comply with the Court's orders by refiling claims previously dismissed with prejudice, adding unauthorized amendments to pleadings, filing an irrelevant and frivolous opposition brief, failing promptly to comply with the Court's order to share a copy of a prior dismissal order with Plaintiff, and now failing to file an amended complaint in the time permitted.  As a result the Court now warns Plaintiff: repeated failure to comply with court orders may itself be an appropriate grounds for dismissal with prejudice, and the Court may do so sua sponte.  See McClure v. Fessler, 57 F. App'x 727, 727 (9th Cir. 2003) (citing Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984)).

The Clerk shall terminate the case.

IT IS SO ORDERED.

Dated: October 27, 2014

_____
UNITED STATES DISTRICT JUDGE

4